☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

In re:   **Carl Jerome Brewer**                                              Case No.

Debtors:                                                                      Chapter 13

**CHAPTER 13 PLAN**

**ADDRESS:**   (1)  2708 Welchlawn St
                    Memphis, TN 38134                    (2)

**PLAN PAYMENT:**
**Debtor(1)** shall pay $ 95.00    (✓) weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
✓ **PAYROLL DEDUCTION** From:  Imperial Security Memphis, TN 38112    OR ( ) **DIRECT PAY**

**Debtor(2)** shall pay $    ☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
☐ **PAYROLL DEDUCTION**                                              OR (   ) **DIRECT PAY**
From:

**1. THIS PLAN [Rule 3015.1 Notice]:**

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]    ☐ YES   ✓ NO
   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION       ✓ YES   ☐ NO
       OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
   (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].   ☐ YES   ✓ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; **OR** ✓ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                      Monthly Plan Payment:

                 Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to:
**None**         ongoing payment begins _____              $
                 Approximate arrearage: _____

**5. PRIORITY CLAIMS:**

-NONE-                                    Amount                              $

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

None          ongoing payment begins _____                   $
              Approximate arrearage: _____ Interest _____          $

**7. SECURED CLAIMS:**

[Retain lien 11 U.S.C. §1325 (a)(5)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER
    SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

[Retain lien 11 U.S.C. §1325 (a)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:
**G M Financial**                    15,000.00               0.00                $270.00

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

**-NONE-**    Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

| | Amount: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|
| **-NONE-** | | | $ |

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None    ☐ Not provided for **OR** ☐ General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

**-NONE-**

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $16,556.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐    _____ **%, OR,**
☑    **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None    ☐ Assumes **OR** ☐ Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Gene Bell    Date **December 19, 2019** .
**Gene Bell**
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**